# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2025

Lyle W. Cayce
Clerk

———————

No. 24-60665

———————

Kennardoa Abdyl Marshall,

*Plaintiff—Appellant*,

*versus*

Frank Bisignano, *Commissioner of Social Security Administration*,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:24-CV-242

———————————————————————

Before Wiener, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant Kennardoa Marshall appeals the denial of Social Security disability insurance benefits. He takes issue with the administrative law judge's (ALJ) failure to order a consultative exam despite saying that he would do so at a hearing. Because the ALJ was not required to order the exam, we AFFIRM.

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60665

Marshall claims that he is disabled due to numerous mental and physical conditions. His application for Social Security disability benefits was denied, so he requested a hearing before an ALJ. There, the ALJ stated that he would order an agency-funded consultative examination to evaluate Marshall's mental health conditions. But that exam was never ordered.

Instead, the ALJ determined that Marshall was not disabled for purposes of the requested benefits. In making that determination, the ALJ relied on Marshall's medical records and his testimony that medication effectively addressed his mental illness.

Marshall appealed to the district court, arguing that the ALJ erred by failing to order the consultative examination. The district court affirmed, and this appeal followed.

"An 'ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits.'" *Webster v. Kijakazi*, 19 F.4th 715, 720 (5th Cir. 2021) (quoting *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). Our review of those benefits determinations is statutorily limited to "whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021) (citation and quotations omitted). And we will only reverse for failure to develop the record when the plaintiff is prejudiced. *See Ripley*, 67 F.3d at 557.

We agree with the district court that the ALJ developed the record with sufficient evidence to support the decision. "A medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling." *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987). The ALJ cited extensive evidence—including Marshall's own testimony—that medication was effective in treating his mental health conditions. So the ALJ had sufficient evidence to support the conclusion that Marshall was not disabled.

No. 24-60665

Although the ALJ initially stated that he would order a consultative exam, he was not required to do so. Such exams are only required when it is "necessary to enable the ALJ to make the disability decision." *Webster*, 19 F.4th at 720 (cleaned up). And the exam was not necessary here because the record already contained evidence of Marshall's mental health disorder and treatment. *See, e.g.*, *id.* (finding ALJ was not required to order an exam when record already contained extensive medical documents); *Hardman v. Colvin*, 820 F.3d 142, 148 (5th Cir. 2016) (same).

Because we find that the ALJ fulfilled his duty to develop the record, we need not address Marshall's argument that he was prejudiced by the lack of a consultative exam. *See Webster*, 19 F.4th at 720.

We AFFIRM.